IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KEVIN BLUNT and TAMMIE BLUNT,** § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> **BANK OF AMERICA, WMC** § <br> **MORTGAGE, and JOE SHAW, Trustee,** § <br> Defendants. § | No. 3:11-CV-3492-O (BF) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for Pretrial Management. On December 16, 2011, Plaintiffs filed the complaint and three days later, they paid the filing fee. (Doc. 3-5. ) On February 8, 2012, this Court notified Plaintiffs of the following: Due to the payment of the required filing fee and pursuant to FED. R. CIV. P. 4(c), Plaintiffs are responsible for serving a summons and complaint on each defendant in accordance with the rules for service in FED. R. CIV. P. 4(c). Proper service must be made within 120 days after the filing of the complaint, or the action is subject to dismissal without prejudice. *See* FED. R. CIV. P. 4(m). In addition, Rule 4.1 of the Local Civil Rules for the Northern District of Texas requires that Plaintiffs file a valid return of service with the Court or otherwise show that the defendants have been served. If Plaintiffs fail to do so, this action may be dismissed.

On February 16, 2012, Plaintiffs filed a blank affidavit of service, along with a green card which contained no signature of a service agent for Bank of America Corporation or for Bank of America, N.A.[1], a summons addressed to "Bank of America" at a post office box in California, and

---

[1] Plaintiffs have sued "Bank of America." They have not identified the legal entity they are attempting to sue. Bank of America, N.A., is a wholly owned subsidiary of BANA Holdings Corporation which is a wholly owned subsidiary of Bank of America Corporation.

a tracking order which indicated that certified mail was "expected to be delivered by February 17, 2012." (Doc. 7.) Plaintiffs have failed to obtain proper service on Bank of America Corporation by serving its registered agent in Dallas, Texas or by serving an officer of the corporation authorized to receive service. Further, Plaintiffs do not even attempt to show that WMC Mortgage and Joe Shaw, Trustee, have been legally served.

## Dismissal for Lack of Legal Service

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on the plaintiffs to ensure that the defendants are properly served with summons and copy of the complaint. FED. R. CIV. P. 4(c)(1). Proper service must be made within 120 days of filing a complaint or the action is subject to *sua sponte* dismissal without prejudice. FED. R. CIV. P. 4(m). Proof of service must be filed with the Court unless service is waived. FED. R. CIV. P. 4(l). This proof consists of a "server's affidavit" except when service was made by a United States marshal or deputy marshal." *Id.* Additionally, Local Rule 4.1 provides that "[p]roof of service . . . must be made by filing with the clerk the summons and any supporting documentation required or allowed by Fed. R. Civ. P. 4. . . ." Plaintiffs' purported notice and blank certificate of service do not comply with Fed. R. Civ. P. 4(l) or Local Rule 4.1. Moreover, even if Plaintiffs had provided a proper "servers' affidavit," Plaintiffs are not authorized by Rule 4 (c)(2) to effectuate service. Subsection (c)(2) of Rule 4 provides that "[s]ervice may be effected by any person *who is not a party* and who is at least 18 years of age." FED. R. CIV. P. 4(c)(2) (emphasis added). The federal rules of civil procedure do not allow a party to serve process. *Id.* Accordingly, Plaintiffs' attempt to serve Bank of America Corporation was ineffective. *See Jackson v. Atrium Companies, Inc.*, No. 3:04-CV- 0679-G, 2004 WL 1773699, at *2 (N.D. Tex. 2004). Plaintiffs did not even attempt to serve the other defendants. Additionally,

2

even if someone other than Plaintiffs had effectuated service, which the record does not show, Plaintiffs have not shown that properly issued summons and a copies of the complaint were served on officers, managing or general agents, or any other agent authorized by appointment or by law to receive service of process for Bank of America Corporation or the other defendants. Thus, Plaintiffs have not shown that they properly served Defendants within 120 days as provided by Rule 4(m).

A court should extend the time to serve the defendant if the plaintiffs show good cause for the failure to properly effect service. FED. R. CIV. P. 4(l). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Plaintiffs also may be required to show that the parties to be served personally received actual notice of the lawsuit, that the defendants would not suffer any prejudice by the court's extending the 120-day deadline, and that the plaintiffs would be severely prejudiced if their complaint were dismissed. *Hickman v. U.G. Lively,* 897 F. Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). A litigant's *pro se* status alone does not excuse failure to effect service. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). The plaintiffs bear the burden of showing good cause. *Id.*

Plaintiffs do not even attempt to show good cause for their failure to properly effectuate service.

## **Conclusion**

Rule 4(c)(2) clearly indicates that a party may not obtain legal service. Rule 4(h) clearly provides that to serve a corporation, partnership, or association, service must be made on an officer,

3

a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. This Court gave Plaintiffs notice of the legal requirements for service in February, and Plaintiffs have had ample time to show why they have failed to comply. However, they have filed nothing except a blank proof of service, a green card which does not contain the signature of a service agent for Bank of America Corporation, and a postal tracking form showing that delivery of a defective summons addressed to a post office box in California was expected by February 17, 2012. More than 120 days have expired since Plaintiffs filed this case, yet Plaintiffs have not complied with FED. R. CIV. P. 4 or Local Civil Rule 4.1 by effectuating and proving service on Defendants. Accordingly, Plaintiff's claims against Defendants are subject to dismissal under Rule 4(m).

## RECOMMENDATION

The Court recommends that the District Court *sua sponte* dismiss without prejudice Plaintiffs' claims against Defendants for Plaintiffs' failure to legally effectuate and prove service on Defendants within 120 days of filing the Complaint.

**SO RECOMMENDED**, April 24, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).